## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID L. COLE, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                         **CASE NO. 14-0298**

**JEBF HOLDINGS, LLC, et al.**                          **SECTION: "G"(3)**

### ORDER

Before the Court is Defendant Louisiana Delta Oil Company's ("LDOC") "Motion to Dismiss for Failure to State a Claim  and Alternative Motion for a More Definite Statement."[1] Having considered the motions, the memoranda, and the applicable law, the Court will grant in part and deny in part the pending motion.

### I. Background

Plaintiffs David L. Cole and John M. Mulhall (collectively, "Plaintiffs") filed the petition in this matter on December 18, 2013 in the 17th Judicial District Court, Parish of Lafourche,[2] wherein they allege that Brian Rose ("Rose"), JEBF Holdings, LLC ("JEBF"), and  LDOC (collectively, "Defendants") fraudulently converted Plaintiffs' funds. Plaintiffs allege that they each invested $69,463.50 in an oil well, LDF #4 (the "Well"), located in Lafourche Parish, Louisiana and operated by LDOC.[3] According to the complaint, Plaintiffs purchased these interests from Lux Petroleum, Inc., which is not a party to this lawsuit.[4]  Plaintiffs seek a judgment awarding them an

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 1-2.

[3] *Id.* at ¶ 3.

[4] *Id.* at ¶ 5.

ownership interest in LDF #4, an accounting and payment of royalties allegedly owed to them, and a preliminary injunction enjoining LDOC from disbursing any royalties to Defendants until the final resolution of this litigation.[5]

Defendants removed the case to federal court on February 7, 2014.[6]  On April 4, 2014, LDOC filed the pending motion.[7]  Plaintiffs filed a memorandum in opposition on April 23, 2014,[8] and LDOC filed a reply memorandum on April 24, 2014.[9]

## II. Parties' Arguments

### A.    LDOC's Arguments in Support

LDOC argues first that the Plaintiffs have not and cannot state a cause of action against LDOC because they have not alleged that they currently have any cognizable interest "in and to" the Well.[10] According to LDOC, Plaintiffs' allegations relate to the "collecting and remitting of royalties" from the Well, but "based on plaintiffs' own allegations in their Petition, plaintiffs have no current interest in and to the Well."[11] Specifically, LDOC argues, Plaintiffs have failed to allege (1) any relationship with LDOC; (2) any writing establishing their alleged interest in or to the Well, or (3) "that any such writing translative [sic] of title to an interest in and to the Well is properly

---

[5] *Id.* at p. 4.

[6] Rec. Doc. 1.

[7] Rec. Doc. 16.

[8] Rec. Doc. 18.

[9] Rec. Doc. 21.

[10] Rec. Doc. 16-1 at p. 1.

[11] *Id.* at p. 2.

recorded in Lafourche Parish, Louisiana."[12]

LDOC argues in the alternative that if Plaintiffs' claims are not dismissed, the Court should order Plaintiffs to provide a more definite statement of their claims against LDOC pursuant to Federal Rule of Civil Procedure 12(e).[13] According to LDOC, the need for a more definite statement is evidenced by Plaintiffs' "loose and broad allegations that they purchased an interest in either an oil and gas well or an interest in an entity called lux-LDF #4, LLP."[14] LDOC contends that Plaintiffs have asserted no tort or contract claim against LDOC, and that Plaintiffs should be required to (1) provide the particular facts surrounding their allegations against LDOC; (2) plead the facts establishing the ownership interest being claimed by Plaintiffs in and to the Well, how that interest was obtained, the precise amount of that interest, and how that interest was evidenced of record; and (3) plead the facts establishing that plaintiffs have any rights to receive royalty payments or any other consideration directly from LDOC.[15]

## B.    *Plaintiffs' Arguments in Opposition*

In opposition, Plaintiffs argue that:

> Considering the Rose Family's [sic] legal history, see: *Securities and Exchange Commission vs. Berkshire Resources, LLC, et al, No. 1:09-cv-0704*, *U.S. District Court, SD, Ind*. [sic], plaintiffs do not believe they can get an accurate accounting of the sums paid them by LDOC from the well in question, whereas LDOC would give an accurate accounting.[16]

Plaintiffs argue that they consider LDOC an indispensable party to the lawsuit pursuant to Federal

---

[12] *Id.* (citing La. Civ. Code art. 3338).

[13] *Id.* at p. 3.

[14] *Id.* (citing Rec. Doc. 1-2 at ¶¶ 3, 5).

[15] *Id.* at p. 4.

[16] Rec. Doc. 18 at p. 1.

Rule of Evidence 19, and that "[h]ad the plaintiffs not sued LDOC in the first place, plaintiffs submit that this court would order them joined as provided by F.R.C.P. Rule [sic] 19(2)."[17] According to Plaintiffs, LDOC operates the Well, handles all money from the Well, and keeps records of all monetary disbursements from the Well.[18] Plaintiffs aver that:

> As a practical matter, plaintiffs will be seeking an accounting from LDOC for all sums paid to the other defendants during the time in question in this action, when the plaintiffs purportedly purchased their interest in the well in question and to monies the other defendants may be due from the well as this litigation progresses.[19]

## C.    LDOC's Arguments in Further Support

In response to Plaintiffs' memorandum in opposition, LDOC contends that Plaintiffs' argument that LDOC is an indispensable party has no merit because complete relief can be granted in LDOC's absence, and because Plaintiffs have no cause of action against LDOC.[20] LDOC contends that *In re Petro-Serve, Ltd.* is analogous.[21] The lawsuit in that case concerned the rights of a party who agreed to purchase a working interest in a well on behalf of another party, but sold that interest to a third party instead.  The district court held that an interest owner and operator of the well was not an indispensable party under Rule 19 because the lawsuit concerned the rights of the parties to the alleged contract, not the well operator, and could be and were fully determined between them.[22] According to LDOC, the present litigation concerns only the adjudication of rights between

---

[17] *Id.* at p. 2.

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 21 at p. 1.

[21] *Id.* at p. 2 (citing *In re Petro-Serve, Ltd.*, 2007 WL 773398 (S.D. Miss. Mar. 9, 2007) (citation omitted)).

[22] *Id.*

Plaintiffs and the other Defendants as to an interest in the Well that Plaintiffs claim is owed to them.[23] LDOC additionally reavers that Plaintiffs have no cause of action against LDOC.[24]

### III. Law and Analysis

LDOC seeks dismissal of Plaintiffs' claims pursuant to Rule 12(b)(6), or, in the alternative, LDOC moves for a more definite statement under Rule 12(e). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face."[25] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.[27] A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[28] In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[29] If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be

---

[23] *Id.*

[24] *Id.* at p. 3.

[25] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[26] *Id.*

[27] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009).

[28] *Id.*

[29] *Lormand,* 565 F.3d at 257.

dismissed.[30]  The court may not consider new factual allegations made outside the complaint.  Rule 12(e) entitles a party to a  more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response."[31]  A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion.[32]

In their Petition, Plaintiffs state that LDOC is "made defendant only to the extent that it operates and controls the collection and payment of royalties from the LDF#4 Oil well [sic] in Lafourche Parish, La."[33] Plaintiffs additionally allege that LDOC is still collecting and remitting royalties to JEBF and Rose.[34] Finally, according to the Petition,

> In order to protect plaintiffs' interest, they show that they are entitled to a Rule Nisi, directed to the defendant [LDOC], to show cause, if it has any[,] why a preliminary injunction should not issue for the pendency of this litigation enjoining that defendant from paying any royalties from LDF#4 oil well to JEBF or ROSE.[35]

It is unclear to the Court what claims Plaintiffs allege against LDOC. It seems that Plaintiffs believe that they are entitled to royalty payments from the Well, though they have not  alleged any cognizable interest in the Well, or any contractual relationship with LDOC.   Plaintiffs have failed to allege a claim against LDOC with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6).

---

[30] *Twombly,* 550 U.S. at 555.

[31] Fed R. Civ. P. 12(e).

[32] *Old Time Enters, Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989); *see also In re McWilliams*, 22 F.3d 1095 (5th Cir. 1994).

[33] Rec. Doc. 1-1 at p. 1.

[34] *Id.* at p. 2.

[35] *Id.*

However, dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[36] Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint.[37] Considering that Defendants have alternatively requested a more definite statement pursuant to Rule 12(e), the Court will allow Plaintiffs leave to amend their complaint. If Plaintiffs are unable to amend their complaint to plead a cause of action within 10 days of this Order, these claims will be dismissed.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that LDOC's "Motion to Dismiss for Failure to State a Claim and Alternative Motion for a More Definite Statement"[38] is **DENIED** as to LDOC's Motion to Dismiss and **GRANTED** as to LDOC's Rule 12(e) motion for a more definite statement.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to amend their complaint within ten days of this Order. If Plaintiffs fail to amend their complaint within 10 days, their claims against LDOC will be dismissed.

**NEW ORLEANS, LOUISIANA**, this __13th__ day of November, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[36] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[37] See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[38] Rec. Doc. 16.